1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11

DAVID STEVEN ORTEGA,

Case No. CV 21-02045-DMG (PD)

12

Petitioner,

13

v.

**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY**

14

WARREN L. MONTGOMERY, Warden,

15
16

Respondent.

17
18
19

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records

20

on file, the Report and Recommendation of United States Magistrate Judge

21

("Report"), and Petitioner's Objections to the Report.  The Court has engaged in a *de*

22

*novo* review of those portions of the Report to which Petitioner has objected.  The

23

Court accepts the Report and adopts it as its own findings and conclusions.

24

    To the extent Petitioner argues in the Traverse and Objections that the trial

25

court erred by admitting evidence of cell phone calls between Shannon Williams and

26

Tony Tapia, *see* Dkt. 12 at 13; Dkt. 17-1 at 1-2, Petitioner's arguments lack merit for

27
28

1   the same reasons, as explained in the Report and Recommendation, that his other

2   arguments regarding the admission of evidence lack merit.

3          In addition, it appears Petitioner raises two new claims or arguments in the

4   Objections, i.e., the trial court should have issued a clarifying instruction on first

5   and second degree murder as they relate to the special circumstance allegation, *see*

6   Dkt. 17 at 12-13, and the evidence was insufficient to support Petitioner's first

7   degree murder conviction, generally, as opposed to the gang-murder special

8   circumstance allegation, specifically, *see* Dkt. 17-1 at 5-6.  The Court has discretion,

9   but is not required, to consider evidence or claims presented for the first time in

10  objections to a report and recommendation.  *See Brown v. Roe*, 279 F.3d 742, 744-45

11  (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

12  Although Petitioner is *pro se*, he nevertheless had the opportunity to include all of

13  his allegations at an earlier time but failed to do so.  Moreover, Petitioner's claims

14  are not novel claims.  *See Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (finding

15  district court abused its discretion to the extent it declined to consider new claim

16  raised in objections to report and recommendation where petitioner was *pro se* and

17  raised "a novel claim in an unsettled area of law").  Nevertheless, the Court has

18  considered Petitioner's arguments and find they lack merit.

19         Preliminarily, Petitioner's apparent arguments are unexhausted, as he did

20  not present them for review by the California Supreme Court, *see* Dkt. 9-32.  *See*

21  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per*

22  *curiam*) (to exhaust a ground for relief, the petitioner must fairly present that

23  ground to the state's highest court, describing the operative facts and legal theory,

24  and give that court the opportunity to address and resolve the ground).  The Court

25  rejects the claims on the merits, however, because they are not colorable.  *See*

26  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an

27  unexhausted petition on the merits only when it is perfectly clear that the applicant

28  does not raise even a colorable federal claim.").

1    The record does not support Petitioner's argument that the trial court was

2  obligated to issue a clarifying instruction in response to the jury's question regarding

3  its consideration of the murder charges against Petitioner.  Although the jury

4  initially sought the trial court's guidance with respect to its consideration of the

5  murder charges, the jury followed that request with a note that it had been able to

6  reach a verdict.  Volume 7 Clerk's Transcript at 1459, 1461; Volume 13 Reporter's

7  Transcript at 2677.  Thus, the jury no longer required the trial court's guidance and

8  the trial court did not err by failing to issue a clarifying instruction.  In addition, the

9  evidence presented at trial, and discussed throughout the Report and

10  Recommendation, was sufficient for a rational juror to find beyond a reasonable

11  doubt that Petitioner was guilty of first degree murder.  *See Jackson v. Virginia*, 443

12  U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (question on federal habeas

13  review for sufficiency of the evidence "is whether, after viewing the evidence in the

14  light most favorable to the prosecution, *any* rational trier of fact could have found

15  the essential elements of the crime beyond a reasonable doubt").

16    Accordingly, the Petition is dismissed with prejudice.

17    Further, for the reasons stated in the Report and herein, the Court finds that

18  Petitioner has not made a substantial showing of the denial of a constitutional right,

19  and therefore a certificate of appealability is DENIED.  *See* 28 U.S.C. § 2253(c)(2);

20  Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

21

22  DATED:  March 23, 2023

23

24  _____

25  DOLLY M. GEE
   UNITED STATES DISTRICT JUDGE

26

27

28

2